UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JEFFREY L. JASPER,
    Debtor.                                             No. 7-05-14282 SA

HENRY W. TAYLOR III,
    Plaintiff,
v.                                                             Adv. No. 05-1192 S

JEFFREY LANE JASPER,
    Defendant.

**MEMORANDUM OPINION ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc 11), Defendant's Response (doc 15) and Plaintiff's Reply (doc 16). Plaintiff appears through his attorney Jacobvitz, Thuma & Walker (Stephanie L. Schaeffer). Defendant appears through his attorney the Law Office of Gerald R. Velarde. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I)[1].

Federal Rule of Civil Procedure 56(c)[2] provides, in part, "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

---

[1] All statutory and rule references are to the Bankruptcy Code as it existed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[2] Federal Rule of Bankruptcy Procedure 7056 adopts Federal Rule of Civil Procedure 56.

the moving party is entitled to a judgment as a matter of law."
In determining the facts for summary judgment purposes, the Court
may rely on affidavits made with personal knowledge that set
forth specific facts otherwise admissible in evidence and sworn
or certified copies of papers attached to the affidavits.
Fed.R.Civ.P. 56(e). The court does not try the case on
competing affidavits or depositions; the court's function is only
to determine if there is a genuine issue for trial. <u>Anderson v.
Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Finally, the
Court examines the factual record and reasonable inferences
therefrom in the light of the nonmovant. <u>Thomas v. International
Business Machines</u>, 48 F.3d 478, 484 (10th Cir. 1995); <u>Cole v.
Ruidoso Municipal Schools</u>, 43 F.3d 1373, 1377 (10th Cir. 1994).

New Mexico Local Bankruptcy Rule 7056-1 governs summary
judgment practice in this district. That rule provides, in part:

> A memorandum in opposition to the motion shall contain
> a concise statement of the material facts as to which
> the party contents a genuine issue does exist. Each
> fact in dispute shall be numbered, shall refer with
> particularity to those portions of the record upon
> which the opposing party relies, and shall state the
> number of the movant's fact that is disputed. All
> material facts set forth in the statement of the movant
> shall be deemed admitted unless specifically
> controverted.

Plaintiff's Motion contains 11 material facts which he
claims are undisputed. Defendant's Response to the motion
disputes facts 2, 3, 4 and 11 by stating that a genuine issue
exists as to those facts. The Response, however, does not refer

with particularity to any portions of the record upon which Defendant relies.  When a motion for summary judgment is made and supported by affidavits or other evidence, an adverse party may not rest upon mere allegations or denials.  Fed.R.Civ.P. 56(e). Therefore, the Court will take all 11 facts stated by Plaintiff as undisputed.  The remaining issue for the Court is to determine if, based on those facts, Plaintiff is entitled to judgment as a matter of law.

**UNDISPUTED FACTS**

1.  On May 25, 2005, Jeffrey Lane Jasper ("Debtor") commenced the above-captioned voluntary bankruptcy case under Chapter 7.  Under Bankruptcy Code § 301, commencement of the bankruptcy case constituted an order for relief under Chapter 7.  Michael Caplan was appointed Chapter 7 trustee and continues to serve in that capacity.  The bankruptcy case is pending and has not been dismissed.

2.  On November 15, 1992, Defendant committed an aggravated assault[3] on Plaintiff.[4]

---

[3]Tex. Penal Code Ann. § 22.02 (1992), Aggravated Assault, provides, in part:
(a) A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person:
    (1) causes serious bodily injury to another, including the persons's spouse; ...

Tex. Penal Code Ann. § 22.01 (1992), Assault, provides, in part:
(a) A person commits an offense if the person:
    (1) intentionally, knowingly, or recklessly causes bodily
(continued...)

Page -3-

3. Debtor intentionally caused injury to Taylor.[5]

4. The Debtor broke Taylor's left arm and severed the tip of Taylor's right middle finger when Debtor bit Taylor's finger.[6]

---

[3](...continued)
injury to another, including the person's spouse; ...

Under Texas law, intent to cause serious bodily injury is an element of aggravated battery. See Smith v. State, 881 S.W.2d 727, 734 (Tex. Ct. App. 1994); Coit v. State, 629 S.W.2d 263,265 (Tex. Ct. App. 1982).

[4]As noted above, Defendant claims this fact is disputed. However, the Texas Civil Judgment Finding ¶ 1 states: "1. That on November 15, 1992, Defendant, Jeffrey Lane Jasper, committed an assault on Plaintiff Henry W. Taylor, III." And, the Texas Criminal Judgment states: "We, the jury, find beyond a reasonable doubt that the defendant, JEFFERY LANE JASPER, is guilty of the offense of AGGRAVATED ASSAULT BY CAUSING SERIOUS BODILY INJURY as alleged in the indictment. ... IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the said defendant is guilty of the offense of AGGRAVATED ASSAULT and that the said defendant committed the said offense on the 15TH DAY OF NOVEMBER, 1992..."

[5]As noted above, Defendant claims this fact is disputed. However, the Texas Civil Judgment Findings ¶ 2 and 3 state: "2. That Plaintiff, Henry W. Taylor, III, was injured as a result of the assault by Defendant; 3. That the assault committed by Defendant on Plaintiff was willful and malicious, and was actuated by malice." And, Defendant was convicted of Aggravated Assault, an element of which is intent to cause serious bodily injury.

[6]As noted above, Defendant claims this fact is disputed. However, the trial transcript of the default hearing, page 7, states in part:
   Q. And could you please briefly tell the Court what you've gone through as a result of the injuries you received from Mr. Jasper.
   A. To start with I had a broken arm, with a cast, of course. The index finger – middle finger on my right hand was bitten off and was extremely painful. It was sewn back on at the hospital, or part of it was.
      The broken arm didn't heal, I had to have an operation
(continued...)

Case 05-01192-s    Doc 17    Filed 08/22/06    Entered 08/22/06 09:51:13 Page 4 of 10

5. Taylor suffered damages as a result of the assault in the following amounts:

    a. $9,384.37 as reasonable and necessary medical expenses;

    b. $117,308.00 as lost wages, lost retirement benefits, and cost of living adjustments;

    c. $75,000 for past and future pain and suffering;

    d. $75,000 as punitive damages;

    e. Pre-judgment interest; and

    f. Post-judgment interest accrued from 9/3/1996 through the petition date in the amount of $251,600.54.

5. On April 10, 1996, in a Texas criminal case, after trial by jury where Defendant was represented by counsel, a jury in District Court 142nd Judicial District, Midland County, Texas found Defendant guilty of the offense of Aggravated Assault by Causing Serious Bodily Injury. The Texas Criminal Judgment was entered on May 1, 1996.

6. On December 7, 1992, Taylor filed a complaint against the Debtor for assault in the District Court of Midland County, Texas captioned <u>Henry W. Taylor, III vs. Jeffrey Lane Jasper</u>, Case No. CV-39350.

7. On December 30, 1992, Defendant filed an answer in the Texas Civil Case.

---

    $^6$(...continued)
    later on. I have a steel plate in my left arm.

8. On August 13, 1996, the Texas Civil Case came on to be heard in the District Court of Midland County, Texas. Defendant, although being duly and legally cited to appear and having previously filed an answer and responsive pleading in the matter, failed to appear. The Texas Court directed the Bailiff to make a verbal announcement in the hall and outside doors of the courthouse. Having no response, the Court proceeded to dismiss the jury panel and proceed with the trial to the bench. The Defendant did not participate in the trial nor did he present any evidence to refute the testimony of the Plaintiff or present any evidence concerning his defenses.

9. On September 4, 1994, the Texas Civil Court entered judgment against the Debtor.

10. The Texas Court awarded the amounts listed in paragraph 5 above to Taylor.

11. The amount awarded by the Texas Court is the result of Debtor's willful and malicious injury to Taylor.[7]

**CONCLUSIONS OF LAW**

Plaintiff's Motion is based upon the prior Texas state court proceedings and their collateral estoppel effect.

> Collateral estoppel applies in bankruptcy court actions to determine the dischargeability of a debt.

---

[7] As noted above, Defendant claims this fact is disputed. However, the Texas Civil Judgment Finding ¶ 3 states "That the assault committed by Defendant on Plaintiff was willful and malicious, and was actuated by malice."

Page -6-

> Grogan v. Garner, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "Under collateral estoppel, 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.' " Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir.1990) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). While a bankruptcy court ultimately determines whether a debt is dischargeable under § 523, under the collateral estoppel doctrine, a state court judgment may preclude the relitigation of settled facts. See Klemens v. Wallace (In re Wallace), 840 F.2d 762, 764-65 (10th Cir. 1988).
> 
> When a federal court applies the collateral estoppel doctrine to a state court judgment, it must look to the preclusion law of the state where the judgment was rendered. Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (holding that in cases exclusively within federal jurisdiction, state law determines the preclusive effect of a prior state court judgment unless an exception to the Full Faith and Credit Statute applies); see also Phelps v. Hamilton, 122 F.3d 1309, 1318 (10th Cir.1997); State of Mo. ex rel. Nixon v. Audley (In re Audley), 275 B.R. 383, 387 (10th Cir. BAP 2002).

McCain Foods USA, Inc. v. Shore (In re Shore), 317 B.R. 536, 541 (10th Cir. BAP 2004). Because the state court proceedings were in Texas, Texas collateral estoppel laws apply.

Under Texas law when a defendant files an answer but later fails to participate in the trial, the plaintiff can obtain a form of default judgment called "a post-answer default judgment." Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979). The post-answer default is neither an abandonment of defendant's answer nor an implied confession of any issues. Id. See also Sharif v. Par Tech, Inc., 135 S.W.3d 869, 872 (Tex. Ct. App. 2004)(Same.)

After a post-answer default, judgment cannot be entered on the pleadings alone; the plaintiff in such a case must offer evidence and prove his or her case as in a judgment after trial. Stoner, 578 S.W.2d at 682; Sharif, 135 S.W.3d at 873; Pancake v. Reliance Ins. Co. (In re Pancake), 106 F.3d 1242, 1244 (5th Cir. 1997)(Applying Texas law.)

> Under Texas law, collateral estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex. 1984). Before applying collateral estoppel, the court must determine that the facts asserted in the second proceeding were fully and fairly litigated in the first, that the facts were essential to the judgment, and that the parties were cast as adversaries in the first action. Id. (citing Restatement (Second) of Judgments § 27 (1982)); [Garner v. Lehrer (]In re Garner, 56 F.3d [677] at 679-80 [(5th Cir. 1995)]; Amica Mut. Ins. Co. v. Moak, 55 F.3d 1093, 1097 (5th Cir.1995).

Gober v. Terra + Corp. (In re Gober), 100 F.3d 1195, 1201 (5th Cir. 1996). Notably, "issues in a post-answer default judgment are actually litigated for the purposes of collateral estoppel and may be given preclusive effect in a subsequent dischargeability proceeding in bankruptcy." Id. at 1204. See also Pancake, 106 F.3d at 1244 ("We have held under Texas law that where the court enters a default judgment after conducting a hearing or trial at which the plaintiff meets his evidentiary burden, the issues raised therein are considered fully and fairly litigated for collateral estoppel purposes.")(Citation omitted.)

In the case at bar, the identities of the parties are the same, the same set of core facts is at issue, and, by virtue of Defendant's post-answer default, the issues were actually litigated. Texas law collaterally estops relitigation of the dischargeability issues.

Plaintiff seeks a declaration that his claim is nondischargeable under 11 U.S.C. § 523(a)(6), which provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> ...
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

The Supreme Court has explained that this statute refers only to "acts done with the actual intent to cause injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998).

> Nondischargeability under § 523(a)(6) requires proof of two elements-that the injury is both willful and malicious. Panalis v. Moore (In re Moore), 357 F.3d 1125, 1129 (10th Cir.2004) (holding that there must be proof of both a "willful act" and "malicious injury" to establish nondischargeability under § 523(a)(6)); see also Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley), 235 B.R. 651, 655 (10th Cir. BAP 1999) (collecting opinions interpreting § 523(a)(6)). A "willful act" is one in which the debtor must " 'desire ... [to cause] the consequences of his act or ... believe [that] the consequences are substantially certain to result from it.' " Moore, 357 F.3d at 1129 (quoting Longley, 235 B.R. at 657). A malicious injury occurs when there is proof that the debtor either intended the resulting injury or intentionally took action that was substantially certain to cause the injury. Id. The test for this element is a subjective one: the court must determine what the debtor knew or intended with respect to the consequences of his actions. Id. The creditor bears the burden of

establishing nondischargeability by a preponderance of
the evidence. <u>Holaday v. Seay (In re Seay)</u>, 215 B.R.
780, 785 (10th Cir. BAP 1997).

<u>Shore</u>, 317 B.R. at 542.

The Court finds that the Texas judgments and transcript of the trial testimony satisfy the elements of section 523(a)(6) and that summary judgment should be entered against Defendant.

                                                        _____
                                                        Honorable James S. Starzynski
                                                        United States Bankruptcy Judge

copies to:

Stephanie L Schaeffer
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5341

Gerald R Velarde
2531 Wyoming Blvd NE
Albuquerque, NM 87112-1027